## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8322 | **DATE** | 2/11/2003 |
| **CASE TITLE** | James Long vs. Kenneth Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for appointment of counsel

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Long's motion for appointment of counsel is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 12 2003 | |
| | Notified counsel by telephone. | date docketed | 73 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | 03 FEB 11 PM 3:53 date mailed notice | |
| | | Date/time received in central Clerk's Office / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES H. LONG, #A-93249, )
 )
 Plaintiff, )
 )
v. ) No. 01 C 8322
 )
KENNETH BRILEY, Warden, et al., )
 )
 Defendants. )

MEMORANDUM ORDER

Prisoner plaintiff James Long ("Long") has submitted a self-prepared handwritten Motion for Appointment of Counsel, setting out the reasons that he perceives as calling for the appointment of a second lawyer to represent him. Because that motion simply misperceives the thrust and the import of Long's acknowledged constitutional right of access to the courts, it is denied.

Long initially filed a detailed 42 U.S.C. §1983 Complaint, accompanying the filled-out form provided by this District Court's Clerk's Office for that purpose with a long and detailed handwritten elaboration of his claims. Because this Court reviewed the Complaint and considered it to be nonfrivolous in the legal sense defined by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and expanded upon by Denton v. Hernandez, 504 U.S. 25, 32-33 (1992), it promptly followed its virtually universal practice in such situations of appointing a member of this District Court's trial bar to represent Long pro bono publico.

Appointed counsel Robert Cervone, Esq. took to his task in a

responsible fashion, engaging in the activities he later described in his December 2, 2002 motion to withdraw (Ex. 1 to this memorandum order). After attorney Cervone had devoted extensive work to the case, Long advised him on November 18, 2002 "that he no longer wanted to be represented by Mr. Cervone."

This District Court's rules regarding pro bono appointments, withdrawals or terminations and any replacement appointments (see LR 83.36 through 83.39) do not require the appointing court to provide an impecunious pro se litigant with the legal equivalent of a series of doctors until one of them gives the patient the advice that the patient wants to hear. In this instance there is nothing to indicate that appointed attorney Cervone did anything other than to provide Long with entirely competent and responsible representation, and this Court has previously determined--and it hereby confirms its determination--that no new counsel will be appointed to represent Long (see LR 83.39). Accordingly Long's current motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 11, 2003